

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF HAWAII

| Debtor(s): ALOHA SPORTS INC. | Case No.: 10-00838 |
|---|---|
| | Chapter 7 |

## ORDER GRANTING APPLICATION(S) FOR COMPENSATION SUBMITTED WITH FINAL REPORT

There being no objection by the Office of the United States Trustee or any other party and the court finding that the Trustee's request for commission is allowable under Section 326(a) and his/her expenses were actual and necessary, or objection(s) having come on for hearing and overruled for the reasons stated in open court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

IT IS HEREBY ORDERED that compensation for services and reimbursement of expenses are allowed and awarded on a final basis in the following amounts.

| *Name* | *Capacity* | *Fees* | *Expenses* |
|---|---|---|---|
| Dane S Field | Trustee | $26,500.00 | $321.57 |
| Choi and Ito | Attorney for Trustee | $29,428.82 | $325.15 |
| Peter Matsumoto | Accountant for Trustee | $15,388.47 | $0.00 |
| Office Of The U.S. Trustee | U.S. Trustee Quarterly Fees | $0.00 | $325.00 |
| Gelber, Gelber & Ingersoll | Prior Chapter Attorney for Trustee/DIP | $0.00 | $461.96 |
| Gelber, Gelber nd Ingersoll | Prior Chapter Attorney for Trustee/DIP | $279,765.10 | $0.00 |
| Arthur Engels, CPA | Prior Chapter Accountant for Trustee/DIP | $8,916.96 | $0.00 |
| Richard O. Banner | Other Prior Chapter Administrative Expenses | $0.00 | $46,512.00 |

The Trustee is authorized to pay the lesser of (1) the amounts above, reduced by the amounts of any interim compensation awarded under 11 U.S.C. § 331, or (2) the *pro rata* amounts for compensation and reimbursement of expenses stated in the distribution proposed in the Trustee's final report.

IT IS FURTHER ORDERED:

1. The Trustee shall make payment of dividends to creditors in accordance with the proposed distribution included with the final report, subject to adjustment due to accruing interest;

2. The payment described in the above paragraph shall commence not sooner than 14 days after the date of entry of this order and as soon as practicable thereafter, but in no event shall the payment of dividends commence later than 30 days after the date of entry of this order;

3. Payment of compensation and reimbursement of expenses to the Trustee and the professionals employed by the estate shall not be made prior to the payment of dividends to creditors;

4. In the event that a dividend check is returned as undeliverable, the Trustee shall make a reasonable effort to discover a correct address and to attempt another delivery;

5. Any checks which the Trustee has made a reasonable effort to deliver and which have not been negotiated after 90 days following the date of issuance shall be deposited promptly with the court as unclaimed funds;

6. Not later than 125 days after the date of entry of this order, the Trustee shall submit for review by the Office of the United States Trustee a Final Account, Certification that the Estate has been Fully Administered, and Application to be Discharged, including a bank statement showing a zero balance or a balance equal to the amount of the unclaimed funds deposited with the court, as well as any additional forms requested by the Office of the United States Trustee.

- END OF ORDER -

Submitted by DANE S FIELD, P.O. Box 4198
Honolulu, HI 96812
(808)232-8788; dfield1963@spectrum.net